# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **HUMBERTO PACHECO NUNEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-02116-LS** |
| | § | |
| **WESTERN DISTRICT COURT OF TEXAS,** | § | |
| | § | |
| ***Respondent*.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging Petitioner's detention by Immigration and Customs Enforcement ("ICE").[1] He alleges he was ordered deported on April 16, 2014, and taken into immigration custody on April 30, 2026.[2]

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[3] The Supreme Court holds, however, that detention for up to six months to effect the deportation is presumptively reasonable.[4] "After this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[5] The government represents, and Petitioner does not dispute, that Petitioner agreed to be removed to Mexico, and that such removal was to be scheduled.[6] Accordingly,

---

[1] ECF No. 2.
[2] *Id*. at 5.
[3] 8 U.S.C. § 1231(a)(1)(A).
[4] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[5] *Id*.
[6] ECF No. 6-5 at 1-2.

Petitioner cannot and does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

For the foregoing reasons, Petitioner's habeas petition is **DISMISSED**. All pending motions are denied. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 24, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**